IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TD INVESTMENTS, LLC, | : | Case No. 1:21-cv-337 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **ORDER ADOPTING ORDER AND** |
| | : | **REPORT AND RECOMMENDATION;** |
| NATIONAL CITY BANK, n/k/a/ PNC | : | **SANCTIONS HEARING TO BE HELD** |
| BANK, N.A., *et al.,* | : | **JUNE 14, 2022; ORDER REQUIRING** |
| | : | **DISCOVERY; ORDER TO SHOW** |
| Defendants. | : | **CAUSE WHY SANCTIONS SHOULD** |
| | : | **NOT BE IMPOSED** |
| | : | |

This matter is before the Court on Objections to the Magistrate Judge's Order and Report and Recommendation (Doc. 71) filed by Plaintiff TD Investments, LLC ("TD Investments")[1] (Doc. 77) and Defendant Orlando Carter (Doc. 79). Defendant National City Bank n/k/a PNC Bank, N.A. ("PNC") responded to the Objections (Doc. 81). For the reasons that follow, the Magistrate Judge's Order and Report and Recommendation will be **ADOPTED.**

The Magistrate Judge stayed the ruling on PNC's Motion for Sanctions (Doc. 35) until the undersigned ruled on the Magistrate Judge's Order and Report and Recommendation. As the Court reaches the conclusion that the Order and Report and Recommendation should be adopted, the Court will also address PNC's Motion for Sanctions herein. In its Motion for Sanctions, PNC moves for sanctions against TD Investments, TD Investments's CEO David Day, Plaintiff's Attorney H. Nasif Mahmoud ("Attorney Mahmoud"), Defendant Orlando Carter, and Defendant CBST Acquisition LLC ("CBST"), which is majority-owned by Carter. (Doc. 35.) PNC's

---

[1] TD Investments also filed a Declaration of David Day, the CEO of TD Investments. The Declaration is not a valid objection to the Magistrate Judge's Order and Report and Recommendation. The Court will not consider new evidence at this stage.

Motion for Sanctions raises serious and potentially sanctionable conduct that necessitates a hearing and limited discovery, as discussed more fully herein. **The Court will set this matter for an evidentiary hearing on June 14, 2022 at 10:00 A.M. at which time TD Investments, Attorney Mahmoud, Orlando Carter, and CBST are ORDERED TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST THEM.[2] PNC may put forth evidence as to why sanctions should be imposed. The Court will also order limited discovery, as outlined more fully herein.**

## I.      BACKGROUND[3]

### A. Facts Alleged in the Amended Complaint

TD Investments initiated this action on March 5, 2021, approximately five weeks after filing as an LLC with the Illinois Secretary of State. (Doc. 7-7 at PageID 143.) Very little is known about TD Investments, including who its owner is and if it exists as named in the Amended Complaint. According to a search on the Illinois Secretary of State website, there is no TD Investments LLC registered in the state of Illinois. Counsel for PNC was able to determine that TD Investment Group, LLC was formed on January 28, 2021 by David Day, the named CEO of TD Investments. (Doc. 1 at PageID 35; Doc. 7-7.) The Court construes this entity to be the named Plaintiff in this action, but it raises concerns about the legitimacy of the named Plaintiff.

---

[2] The Court does not find a basis to proceed with a sanctions hearing against TD Investments's CEO David Day.

[3] These facts are derived from the Amended Complaint and are well-summarized in the Magistrate Judge's Order and Report and Recommendation. (Doc. 71.) They are provided again here for context.

TD Investments seeks to acquire intellectual property from CBST,[4] whose majority owner is Carter. (Doc. 10 at PageID 187.) Carter was convicted of fraud-related charges in 2009 in the Southern District of Ohio and has brought many civil suits since challenging uncontested facts related to his conviction.

While performing due diligence related to the potential purchase of CBST, TD Investments "discovered that certain Defendants allege that two (2) loans were originated by CBST and its majority owner, Defendant Orlando Carter." (*Id.*) TD Investments alleges that "[c]ertain Defendants argue that the two (2) loans and their respective loan guarantees should be stated on CBST's financial statements. CBST and Carter dispute the existence of these two loans and the respective guarantee." (*Id.*) TD Investments describes this as an "existing and current controversy" that prevents it from acquiring CBST's intellectual property. (*Id.*)

TD Investments claims that the United States Department of Justice ("DOJ") and PNC believe that "CBST originated a $4 million loan and issued a related $4 million loan guaranty to PNC on December 31, 2004" for which PNC sent CBST a demand letter on February 24, 2005 for repayment of the loan. (*Id.*) TD Investments claims the DOJ and PNC "refuse" to provide "certified and authenticated bank records" to authenticate the origination of the $4,000,000 loan "because there are no such documents." (*Id.*) TD Investments claims PNC asserts that it "originated an $8,810,805.65 loan with Defendants Carter and CBST" and that the loan should be reported on Carter and CBST's financial statements. (*Id.*) PNC also informed the DOJ of the $8,810,805.65 loan via its Office of the United States Bankruptcy Trustee. (*Id.*) Both Carter and CBST dispute the existence of the two loans and claim that "this is a fraud." (*Id.*)

---

[4] CBST has not appeared in this action. Oddly, Carter, its majority owner, filed a pro se motion seeking an order that CBST appear in this action. (Doc. 64.)

The Amended Complaint also alleges that in the years since 2006, PNC, the DOJ, and the United States Office of the Comptroller of Currency ("OCC") have made statements inconsistent with the existence of these loans. According to the Amended Complaint, "Defendant PNC has an existing and current internal controversy which impugns the financial statements of CBST and Carter." (*Id.* at PageID 188.) TD Investments alleges that "[d]ue to the many existing conflicts and controversies, both internal and external, between the Defendants and the risk to the public, the Court's immediate intervention is necessary." (*Id.* at PageID 189.)

TD Investments seeks a declaratory judgment that: (1) "[t]he only debt originated by and between PNC and CBST is the $250,000 Amended Note originated on December 31, 2003[;]" (2) "PNC's February 24, 2005 Demand Letter . . . seeking repayment from CBST on a $4 million loan is fake, fictitious, and fraudulent[;]" (3) "PNC's claim that PNC originated a loan in the amount of $4 million with CBST and Carter, and that CBST issued a guaranty on the $4 million loan is fake, fictitious, and fraudulent[;]" (4) "PNC's claim that PNC originated a loan in the amount of $8,810,805.65 with CBST and Carter is fake, fictious both [sic] and fraudulent[;]" (5) "[t]here is/was no $4 million loss related to a $4 million loan allegedly originated between CBST and PNC[;]" and (6) [d]ebts in the amounts of $4 million and $8,810,805.65 as alleged by PNC were never originated and do not exist and therefore are not required to be listed on any financial statements related to Carter and CBST." (*Id.*)

### B. Procedural History

TD Investments initiated this action on March 5, 2021 in the United States District Court for the Northern District of Illinois. (Doc. 1.) The case was transferred to this District over TD Investments's objections because "[t]he underlying facts in this case have already been litigated both civilly and criminally in the United States District Courts for the Southern District

Northern District of Ohio and, despite Plaintiff TD Investment LLC's efforts to cast doubt on the prior adjudications, are not in dispute." (Doc. 30 at PageID 314.) This case was transferred to the undersigned and referred to the Magistrate Judge. (Doc. 54.)

PNC has filed the following motions: (1) Motion to Dismiss Plaintiff's Amended Complaint (Doc. 33) and (2) Motion for Sanctions (Doc. 35). TD Investments filed the following motions: (1) Motion to Stay Briefing Schedule and Conduct Evidentiary Hearing (Doc. 41); (2) Motion to Have Counsel for Defendant PNC Bank Withdraw and Request for Hearing (Doc. 42); and (3) Sanctions Motion (Doc. 67). Carter filed the following motions: (1) Motion for Leave to Obtain Electronic Case Filing Rights (Doc. 40); (2) Motion to Strike All Public Filings Made by PNC Attorney Rach[a]el Israel Due to Lack of Personal Knowledge (Doc. 53); (3) Motion to Strike (Doc. 61); (4) Request for Status on Motion to Obtain Electronic Filing Rights (Doc. 63); (5) Motion for Order Requiring CBST[5] and All Defendants to Appear and Answer (Doc. 64); and (6) Motion to Strike All Pleadings by Defendant PNC for Intentional and Blatant Deception on this Court (Doc. 70).

### C. Magistrate Judge's Order and Report and Recommendation

On November 19, 2021, the Magistrate Judge issued her Order and Report and Recommendation on the pending motions. (Doc. 71.) She recommended that PNC's Motion to Dismiss (Doc. 33) be granted and that PNC's Motion for Sanctions (Doc. 35) be stayed pending the undersigned's ruling on the Order and Report and Recommendation and possible re-referral of PNC's Motion for Sanctions. (Doc. 71 at PageID 655–56.) She ordered all remaining motions to be denied (Docs. 40, 41, 42, 53, 61, 63, 64, 67, and 70). (*Id.*)

---

[5] As Carter is the majority owner of CBST, this motion appears disingenuous at best.

TD Investments and Carter each filed Objections to the Magistrate Judge's Order and Report and Recommendation (Docs. 77, 79), to which PNC filed a Combined Response to the Objections (Doc. 81). In her Order and Report and Recommendation, the Magistrate Judge correctly found that TD Investments has suffered no injury in fact and lacks standing, and there is no case or controversy over which the Court may assert jurisdiction. (Doc. 71 at PageID 648.) She reasoned that TD Investments "essentially asks this Court to protect it from a future business decision it may or may not make in evaluating whether and under what circumstances to acquire intellectual property from CBST." (*Id.*) The Magistrate Judge also concluded that TD Investments "alleges no injury traceable to or relationship of any kind with PNC or any defendant other than CBST." (*Id.*) Though it purports to allege a controversy between the justice and treasury departments regarding the existence of loans, "TD Investments played no role whatsoever in any alleged 'controversy' and did not even exist prior to 2021." (*Id.*)

As to PNC's Motion for Sanctions, the Magistrate Judge comprehensively outlined the "long and tortured history" of this case. (*Id.* at PageID 649.) She also considered PNC's evidentiary submission from Attorney Israel that metadata from pleadings and correspondence sent electronically from both Carter and Attorney Mahmoud suggests that the same individual authored documents sent by each. (*Id.* at PageID 653.) She found this evidence demonstrated a preliminary showing that TD Investments and its counsel were working with Carter to circumvent the undersigned's prior order in *CBST Acquisitions, LLC v. PNC Bank NA*, No. 1:19-cv-06 (S.D. Ohio). The Magistrate Judge stayed a ruling on PNC's Motion for Sanctions due the undersigned's ruling in that case ("*CBST* Sanctions Notice Order") in which it issued a strongly-worded notice to Carter's attorney, CBST, Carter, and all affiliated entities that further filings

involving the same allegations would result in sanctions.  No. 1:19-cv-06 (S.D. Ohio), Doc. 27 at

PageID 220.

## II.    OBJECTIONS

For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Order and Report

and Recommendation and **OVERRULES and/or DENIES AS MOOT** all Objections.  Given

its ruling, the Court will proceed to consider PNC's Motion for Sanctions (Doc. 35), to which

both Carter and TD Investments filed Responses (Docs. 52, 56), and to which PNC filed a Reply

(Doc. 58).  For the reasons discussed *infra*, the Court will conduct an evidentiary hearing and

allow limited discovery on the Motion for Sanctions.  (Doc. 35.)

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint

for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To

withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a

formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007).  Courts do not require "heightened fact pleading of specifics, but only

enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  A district court examining the sufficiency of a complaint must accept

the well-pleaded allegations of the complaint as true.  *Id.*; *DiGeronimo Aggregates, LLC v.*

*Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

Magistrate judges are authorized to decide dispositive and non-dispositive matters

pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure.  The district

judge must conduct a *de novo* review of a magistrate judge's recommendation on a dispositive motion. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up).

### B. Objections

#### 1. TD Investments's Objections

TD Investments objects to the following: (1) the Magistrate Judge staying a ruling on PNC's Motion for Sanctions; (2) the underlying facts set forth by the Magistrate Judge in conveying the history of this case and Carter's involvement; (3) the conclusion that TD Investments lacks standing and has not been injured; and (4) the Magistrate Judge failing to have a hearing on affidavits because it has been shown that "attorney Israel has lied to a federal judge in Chicago" (Doc. 77 at PageID 722). The Court will address these objections in turn.

First, TD Investments objects to the Magistrate Judge staying a ruling on PNC's Motion for Sanctions because the District Judge may wish to rule on it. The undersigned referred this case to the Magistrate Judge pursuant to an Order of reference (Doc. 54) pursuant to 28 U.S.C. § 636(b) and Southern District of Ohio Local Rule 72.1. Under this Court's Order, the Magistrate Judge was designated to "rule on all motions except summary judgment motions[.]" (Doc. 54 at PageID 501.) As to PNC's Motion for Sanctions, the Magistrate Judge stayed a ruling to give deference to the undersigned to consider the matter and if commencing this suit violated the undersigned's prior *CBST* Sanctions Notice Order. Pursuant to 28 U.S.C. § 636(b), the undersigned may accept, reject, or modify that ruling, receive further evidence, or recommit the matter to the Magistrate Judge with instructions. The Magistrate Judge's stay to allow the

undersigned to rule on the Motion for Sanctions—or recommit the matter back to the Magistrate

Judge with instructions—is an appropriate recommended disposition contemplated by both 28

U.S.C. § 636(b) and the undersigned's Order (Doc. 54).

Second, TD Investments disputes the facts set forth by the Magistrate Judge's Order and

Report and Recommendation. TD Investments acknowledges Carter's criminal convictions but

continues to dispute the underlying evidence. (Doc. 77 at PageID 712–13.) Although TD

Investments and/or Carter dispute certain underlying facts, they are not in dispute.

Third, TD Investments argues that the Magistrate Judge incorrectly concluded it lacks

standing because the conclusion is based upon an incorrect "perception" of the facts. (*Id.* at

PageID 714.) TD Investments argues that cases support the contention that TD Investments has

suffered an injury. As appropriately cited by the Magistrate Judge, a plaintiff establishes Article

III standing by demonstrating:

> (1) he or she suffered an injury in fact that is concrete and particularized and
> actual or imminent, not conjectural or hypothetical; (2) the injury is fairly
> traceable to the challenged action of the defendant; and (3) it is likely that the
> injury will be redressed by a favorable decision.

*Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 756 (6th Cir. 2019) (internal citations and

quotations removed). Upon review of the allegations of the Amended Complaint, the Court

agrees with the Magistrate Judge that TD Investments has not shown that it has suffered an

injury in fact. Further, the undersigned agrees that TD Investments has not alleged an injury

traceable to or a relationship with PNC or any Defendant beyond CBST.

In support of its position, TD Investments relies upon cases involving unrelated standing

issues that are incongruous with the facts of this case. *Boddie v. PNC Bank, NA* held that a

Chapter 13 debtor had standing to bring a cause of action on behalf of her bankruptcy estate. No.

2:12-cv-158, 2013 WL 443773, at *5 (S.D. Ohio Feb. 5, 2013). In *Epicenter of Steubenville v.*

*City of Steubenville*, the court found that the plaintiff had standing to bring suit under the Fair

Housing Act because it alleged an injury—that Steubenville enacted a discriminatory zoning

ordinance, and that, as a result, it was unable to obtain a permit for and open an adult care

facility. 924 F. Supp. 845, 849 (S.D. Ohio 1996). In *Cecilian Bank v. Goldsmith*, the court

found that Cecilian Bank had standing to enforce the terms of a guaranty based on the plain

language of an agreement. No. 1:13-cv-879, 2014 WL 1670086, at *3–4 (S.D. Ohio April 23,

2014). And in *Kuper v. Quantum Chem. Corp.*, the court held that former employees who

participated in an employer-sponsored stock ownership plan had standing to present ERISA

claims. 829 F. Supp. 918, 923 (S.D. Ohio 1993). None of these cases involve standing of a

newly-formed entity having an interest in facts involving other parties that have been adjudicated

and dismissed as meritless and time-barred in prior actions.

TD Investments also argues that it has an injury traceable to PNC because "PNC

creat[ed] the myth of a non-existent loan [that] directly injured TD by preventing investors from

investing further in TD for the purchase of CBST intellectual property." (Doc. 77 at PageID

717.) These arguments have been appropriately considered and rejected by the Magistrate

Judge. As she concluded, TD Investments did not exist prior to 2021. It has failed to

demonstrate that it has "an injury traceable to or a relationship of any kind with PNC or any

defendant other than CBST." (Doc. 71 at PageID 648.)

Fourth, TD Investments claims that the Magistrate Judge "committed error in failing to

have a hearing on the affidavits of both attorneys." (Doc. 77 at PageID 722.) TD Investments

also claims it is "blatant error for the magistrate judge to recommend striking Plaintiff's

pleadings without a hearing on the affidavits of the parties." (*Id.*) The Magistrate Judge did not

strike pleadings. She recommended that because she found TD Investments lacks standing, its

remaining motions (Docs. 40–42), including to conduct an evidentiary hearing, were moot. The undersigned agrees with the conclusion that there is no basis to conduct an evidentiary hearing or rule on these motions considering the underlying action is being dismissed.[6] Finally, to the extent this objection relates to PNC's Motion for Sanctions, the Court will conduct an evidentiary hearing at which TD Investments and Attorney Mahmoud must show cause as to why sanctions should not be issued against them. At this hearing, either party may present evidence.[7]

For these reasons, TD Investments's Objections (Doc. 77) are **OVERRULED and/or DENIED AS MOOT**.

### 2. Carter's Objections

Carter objects to the following: (1) the Magistrate Judge assuming that the underlying loans were "authentic and real," a point Carter disputes (Doc. 79 at PageID 730); (2) the conclusion that no case or controversy exists; (3) the Magistrate Judge's reliance on Attorney Israel's affidavit about metadata while refusing to consider evidence provided by Carter and the other parties who assert that PNC "did not provide authentic evidence regarding metadata" (*id.* at PageID 731) and her failure to cite legal authority justifying the decision to rely "solely" on evidence provided by PNC; and (4) failing to have a hearing on alleged competing affidavits.

Similar objections were raised by TD Investments and rejected by the Court, *infra*. The Court will not repeat that analysis here. However, it notes that in his Objections, Carter argues that a hearing on metadata is necessary to rule on the Motion for Sanctions. As to a hearing on

---

[6] Further, TD Investments filed the declaration of David Day, CEO of TD Investments. (Doc. 78.) As noted previously, the Court will not at this stage consider new evidence for the purpose of ruling on Objections to the Magistrate Judge's Order and Report and Recommendation.

[7] Regardless, "[d]ue process does not mandate a full evidentiary hearing before the imposition of sanctions." *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 797 F. App'x 1002, 1007 (6th Cir. 2020). Rather, the parties must have had a meaningful opportunity to be heard. *Id.*

sanctions, the Court plans to conduct an evidentiary hearing on the Motion for Sanctions, rendering this objection moot.

For these reasons, Carter's Objections (Doc. 79) are **OVERRULED and/or DENIED AS MOOT.**

## III.  PNC'S MOTION FOR SANCTIONS

PNC moves this Court for sanctions against TD Investments, Attorney Mahmoud,[8] Carter, and CBST.[9]  PNC argues sanctions are warranted under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, the Court's inherent power, and due to a violation of the Court's prior *CBST* Sanctions Notice Order.  Carter and TD Investments responded in opposition (Docs. 52, 57), to which PNC replied (Doc. 58).

### A.  Background

In her Order and Report and Recommendation, the Magistrate Judge set forth a comprehensive summary of Carter's criminal and civil history with this Court, which need not be repeated in full here.  In short, in 2009, after a seventeen-day trial, a jury convicted Carter of mail fraud, conspiracy to commit mail and wire fraud, conspiracy to commit bank fraud, making a false statement to the Small Business Administration, bankruptcy fraud, making a false oath in bankruptcy, and five counts of bank fraud. *In re Orlando Carter*, No. 18-3080 (6th Cir. April 26, 2018) (filed in *United States v. Carter*, 1:08-cr-51 (S.D. Ohio), Doc. 222).  As summarized

---

[8] TD Investments is also represented by local counsel.  Although PNC did not move for sanctions against local counsel (Doc. 35), it suggested for the first time in its reply brief that the Motion for Sanctions was also against local counsel (Doc. 58).  Local counsel has not responded.  Regardless, naming an attorney in its reply brief does not provide sufficient notice that PNC is seeking sanctions against local counsel.  Further, the evidence focuses mainly upon Attorney Mahmoud's knowledge of the meritless nature of this action.  Nonetheless, the Court is disappointed that local counsel participated in the advancement of this meritless action.  Local counsel is expected to attend and fully participate in the sanctions hearing despite the fact that the Motion for Sanctions was not filed against him in particular.

[9] As noted, the Court finds no basis for sanctions against TD Investments's CEO David Day, for which PNC also moved.

by the Sixth Circuit: "Carter was the majority owner of Dynus Corporation. At trial, the government asserted in relevant part that, as part of a scheme to defraud Fifth Third Bank, Carter and others failed to disclose financial information to auditors, including (1) a guaranty to return $4 million to National City Bank [which has since been acquired by PNC] if Dynus failed to provide an opinion-of-counsel letter, and (2) National City Bank's demand for the return of the $4 million after Dynus failed to provide the opinion-of-counsel letter." *Id.* at PageID 4724. The district court sentenced Carter to 180 months of imprisonment, followed by five years of supervised release, and ordered restitution in the amount of $4.9 million, which was affirmed by the Sixth Circuit. *United States v. Carter*, 483 F. App'x 70 (6th Cir. 2012).

Carter and CBST[10] have sought for years to challenge the uncontested facts supporting Carter's conviction through a civil ruling that a guaranty/loan never existed, to no avail. *See United States v. Carter*, 1:08-cr-51 (S.D. Ohio), *affirmed*, 483 F. App'x 70 (6th Cir.), *cert. denied*, 568 U.S. 1038 (2012); *In re Orlando Carter*, No. 18-3080 (6th Cir. April 26, 2018) (filed in *United States v. Carter*, No. 1:08-cr-51 (S.D. Ohio) as Doc. 222); *Carter v. United States Attorney's Office*, Case No. 1:16-cv-530 (S.D. Ohio); *Carter v. United States Department of Justice*, Case No. 1:17-cv-248 (S.D. Ohio); *Carter v. National City Bank*, Case No. 1:17-cv-508 (S.D. Ohio); *CBST Acquisition, LLC v. Department of Justice*, Case No. 1:18-cv-162 (S.D. Ohio); *Carter v. Comm'r*, Case No. 1:18-cv-400 (S.D. Ohio); *Carter v. PNC Bank*, Case No. 1:18-cv-706 (S.D. Ohio); *Rogers v. National City Bank*, Case No. 1:18-cv-825 (S.D. Ohio); *Rogers v. PNC Bank*, Case No. 1:18-cv-889 (S.D. Ohio); *CBST Acquisitions, LLC v. PNC*, 1:19-cv-6 (S.D. Ohio); *Carter v. PNC Bank*, No. 4:15-cv-372 (N.D. Ohio). The most recent iteration

---

[10] As well a Dynus and another defendant, though they are not as relevant to this action.

of the onslaught of civil cases was *CBST Acquisition, LLC v. PNC*, No. 1:19-cv-6 (S.D. Ohio) before the undersigned, in which the Court issued its *CBST* Sanctions Notice Order.

In *CBST*, CBST's claims were dismissed but "forced both the Defendants and the Court to expended time and resources addressing the previously-dismissed time-barred claims presented, yet again." No. 1:19-cv-06 (S.D. Ohio), Doc. 24 at PageID 194. Like the instant case, among other relief,[11] the plaintiff sought declaratory judgment in its favor that "[t]he only debt originated between CBST and PNC is a $250,000 Amended Note originated in 2003" and "CBST did not commit or conspired [sic] to commit a fraud or any other crime upon PNC." No. 1:19-cv-06 (S.D. Ohio), Doc. 1 at PageID 21. CBST's Complaint repeatedly referenced PNC's alleged wrongful conduct by "creating bogus and false debts and claiming that CBST failed to pay such debts" and PNC's "fraud" by creating a "false and phony $118.3 million debt." *Id.* at PageID 26, 20. The allegations and relief sought are markedly similar in this action.

The Court ordered Plaintiff's counsel Dominic Leo Mango to show cause as to why he should not be sanctioned for pursuing the meritless action. The Court then issued the *CBST* Sanctions Notice Order, which provided strongly-worded notice to Carter's attorney, CBST, Carter, and all affiliated entities that further filings would result in sanctions. No. 1:19-cv-06 (S.D. Ohio), Doc. 27 at PageID 220. The Court held that "[i]n what can only be considered an act of grace, this Court will not impose sanctions at this juncture. However, Mango, his client (CBST), his client's principal (Carter), and all affiliated entities are hereby notified that **any further filings involving these allegations will result in sanctions pursuant to Rule 11(b)**

---

[11] CBST also alleged claims of breach of contract, breach of the covenant of good faith and fair dealing, abuse of process, emergency temporary restraining order, fraud, civil conspiracy, defamation, invasion of privacy – false light, civil rights violations, race discrimination, fraudulent concealment, negligent misrepresentation, tortious interference with a business relationship, and relief pursuant to Article III of the Constitution. (*Id.* at PageID 19–27.)

and/or 28 U.S.C. § 1927, including but not limited to payment in full of Defendants'
attorneys' fees and costs." (*Id.* (emphasis in original).)

However, sanctions were otherwise warranted. CBST's attorney "refiled claims that
have been dismissed repeatedly." *Id.* The Court observed that the Complaint very closely
mirrored previously-dismissed complaints, right down to typographical errors, and reiterated
much of the unusual language contained in Carter's pro se filings. *Id.* "Thus, refiling these
claims was objectively unreasonable[,]" and CBST's attorney "reasonably should have known
that the claims pursued are frivolous." *Id.*

### B. PNC'S Motion for Sanctions

PNC argues that this lawsuit has been brought in violation of the *CBST* Sanctions Notice
Order and is sanctionable. TD Investments and Attorney Mahmoud claim that they have nothing
to do with Carter and CBST. They take the position that this matter "has nothing to do with the
prior litigation" and that "PNC and its defense counsel are at odds regarding the $4M and $8M
loans." (Doc. 57 at PageID 523, 526.) They argue "[t]he controversy is clear[,]" and "[t]he case
is not frivolous." (*Id.* at PageID 526.) In addition, they contend metadata does not establish
collusion, and sanctions are not warranted.

Carter responds that he requests a hearing on the matter, and neither he nor CBST have
violated a court order. He contends "[n]othing about Judge Dlott's Order prohibits CBST from
selling assets nor an interested third-party acquirer from performing the necessary due diligence
on CBST and its financial statements for investment and acquisition purposes." (Doc. 52 at
PageID 484.) He maintains that he has no authority over TD Investments or Attorney Mahmoud
because he is a defendant in this action.[12]

---

[12] Carter also argues about Attorney Israel's affidavit and whether she may make the assertions she does in her
affidavit. He goes so far as to say Attorney Israel is acting in bad faith. The Court finds the bombastic nature of

## C. Law

According to Federal Rule of Civil Procedure 11(b), by signing, filing, or otherwise presenting a pleading to the Court, the presenter "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the pleading is not presented for an improper purpose, the contentions are not frivolous, and the factual contentions have—or will likely have after reasonable discovery—evidentiary support. "Rule 11 sanctions may be awarded when a party's conduct is objectively unreasonable or if there is no reasonable basis in support of a party's claim." *Hawthorne-Burdine v. Oakland Univ.*, Nos. 17-1201/1514/1630, 2018 WL 1150604, at \*2 (6th Cir. 2018) (imposing sanctions against pro se plaintiff who filed "at least three lawsuits" arising from the same factual allegations); *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir. 2014).

In addition, pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Section 1927 allows for sanctions when the attorney knows or reasonably should know that a claim pursued is frivolous. Section 1927 sanctions may be imposed without a finding that the lawyer subjectively knew that his conduct was inappropriate, but the conduct must exceed simple inadvertence or negligence that frustrates the trial judge." *Darnell v. Arthur*, 782 F. App'x 413, 418 (6th Cir. 2019) (quoting *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016)).

"In addition to rule-based authority, federal courts have the inherent power to impose sanctions to prevent the abuse of the judicial process." *Laukus v. Rio Brands, Inc.*, 292 F.R.D.

---

these accusations to be not only a distraction from the real issues of this case, but also entirely without merit. Further impugning PNC's attorney will not be tolerated.

485, 502 (N.D. Ohio 2013); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962) (federal trial courts have the inherent power to manage their own dockets). A court may exercise its inherent power to sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when the conduct was "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citing *Chambers*, 501 U.S. at 45–46).

### D. Analysis

The Amended Complaint contains the same allegations, unusual language, and claims for relief as those the Court dismissed as meritless and time-barred in *CBST*. The Amended Complaint seeks the same relief that Carter and/or CBST have been pursuing in other litigations: a declaratory judgment that the "only debt originated between CBST and PNC is a $250,000 Amended Note originated in 2003." As PNC argues, the primary beneficiary of such a declaration would be Carter, who has sought for years to vacate his criminal conviction on the grounds that a $4,000,000 guaranty never existed. Any reasonable investigation into the allegations of the Amended Complaint would have made this conclusion obvious. Yet Attorney Mahmoud has not asserted why he proceeded with this action in the face of the clear procedural history of prior dismissed actions involving the same allegations and relief sought.

If Attorney Mahmoud and TD Investments was unaware of the frivolous nature of this lawsuit at its inception, PNC's notice letter sent shortly after this suit was commenced should have caused them to reevaluate the legitimacy of pursuing this action. PNC presented evidence that Attorney Mahmoud, and by ethical obligation, his client TD Investments, was on notice that this action was frivolous and may be in violation of the *CBST* Sanctions Notice Order. On

March 15, 2021, ten days after this action was filed, counsel for PNC sent a letter to Attorney

Mahmoud stating:

> The purpose of this letter is to provide you with information demonstrating that the claims against PNC in this matter are subject to dismissal as a matter of law and the filing of this action constitutes a violation of the December 10, 2019 Order on Sanctions issued by Judge Susan J. Dlott of the United States District Court for the Southern District of Ohio in the case *CBST Acquisition, LLC v. PNC Bank, NA*, Case No. 1:19-cv-00006. A copy of that Order is attached hereto for your reference.
>
> In that case, CBST sued PNC for the same declaratory judgment relief you are seeking in the instant case, *i.e.*, that the "only debt originated between CBST and PNC is a $250,000 Amended Note originated in 2003." After dismissing all of CBST's claims as a matter of law, Judge Dlott *sua sponte* ordered CBST's counsel to show cause why he should not be sanctioned under Federal Rule 11. Ultimately, she decided not to order sanctions at that time in what, as she described, "can only be considered an act of grace." However, Judge Dlott issued a "clear notification" to CBST, its counsel, Orlando Carter and "all related entities that future Complaints involving the facts and allegations underlying this action will result in immediate sanctions, including but not limited to the payment in full of Defendants' attorneys' fees and costs."
>
> PNC views the Complaint filed by you in the Northern District of Illinois[13] to be a clear violation of Judge Dlott's Order and intends to pursue sanctions against TD Investments, CBST, Mr. Carter and you, including the costs of PNC's defense of this matter, if the Complaint is not voluntarily dismissed. There is no doubt that the "facts and allegations" set forth in TD Investments's Complaint are the same as those contained in *CBST Acquisitions v. PNC* and the related cases discussed in Judge Dlott's December 10, 2019 Order and in Magistrate Judge Stephanie Bowman's June 25, 2019 Report and Recommendation on PNC's Motion to Dismiss. Indeed, your instant Complaint matches verbatim many of the allegations contained in those prior cases. The identity of claims and allegations is so pervasive that I will not itemize them all here.
>
> These and other prior Orders of the Southern District of Ohio explain, in exhaustive detail, why all of the claims previously brought by Mr. Carter, CBST and Mary Rogers failed as a matter of law. I have no doubt that the claims now asserted by TD Investments will suffer the same fate.

---

[13] This action was originally filed in the District Court for the Northern District of Illinois and transferred to the District Court for the Southern District of Ohio. (Doc. 30.)

> If you and TD Investments continue to pursue these claims against PNC, you will be doing so in bad faith, in violation of Judge Dlott's Order and for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation. As a result, PNC will seek sanctions under Federal Rule of Civil Procedure 11, 28 USC § 1927 and the Court's inherent powers if TD Investments does not voluntarily dismiss its claims with prejudice *no later than March 17, 2021*.

(Doc. 35-1; Doc. 35-2.) Apparently, TD Investments was unthwarted by this letter. Rather, it doubled down, continuing to file motions and claiming this suit is not frivolous. TD Investments and Attorney Mahmoud have not explained why it disregarded this notice from PNC.

Finally, the Court is concerned about whether TD Investments is a legitimate entity and if it is colluding with Carter and/or CBST to circumvent the Court's *CBST* Sanctions Notice Order. It is highly unusual that TD Investments, LLC was formed under a different but similar name, TD Investments Group, LLC, a mere five weeks prior to this action being initiated in Illinois. The Court is not aware of who the owner of TD Investments, LLC is and if Carter has an interest in the company.

This action very closely mirrors many previously brought by Carter and/or CBST. Although Carter hangs his hat on his defendant status in this action, arguing this means he has nothing to do with the action being initiated, there is evidence suggesting otherwise. Attorney Israel submitted an Affidavit regarding the metadata of documents sent to her from Attorney Mahmoud and Carter. Based on her Affidavit, those documents contain metadata demonstrating that they share the same "author," which could suggest that Carter and Attorney Mahmoud were collaborating on this case. (*See* Doc. 35-1.) It may also be probative of Carter/CBST's involvement with TD Investments. PNC seeks a hearing and further discovery to this end, which the Court finds is appropriate in a limited capacity.

The Court is dismayed that a meritless action must continue over the issue of sanctions. The Court finds that it is in the interest of justice to order limited discovery and conduct an evidentiary hearing for the purpose of preventing harassing and vexatious litigation in this district. Accordingly:

1. Within thirty days of entry of this Order, TD Investments is **ORDERED** to produce to PNC (1) an affidavit of the CEO David Day identifying all owners of TD Investments and its legal name; and (2) its Operating Agreement, Articles of Incorporation, and any other business documents showing ownership of the entity;

2. Within thirty days of entry of this Order, Carter and CBST are **ORDERED** to produce to PNC correspondence between themselves and TD Investments, CEO of TD Investments, David Day, and any other representative of TD Investments;[14]

3. Within thirty days of entry of this Order, TD Investments, CEO of TD Investments, David Day, any other representative of TD Investments, and Attorney Mahmoud are **ORDERED** to produce to PNC any correspondence between themselves and Carter and/or CBST;

4. PNC is **ORDERED** to prepare an affidavit and log of attorneys' fees and expenses to date in defending this action, to be presented to the Court at the sanctions hearing;

5. **The parties are notified that the Court will conduct an evidentiary hearing on PNC's Motion for Sanctions against TD Investments, Attorney Mahmoud, Carter, and CBST on June 14, 2022 at 10:00 A.M. in Courtroom 7. At the hearing, PNC may put on evidence about the ownership of TD Investments and why sanctions should be imposed. TD Investments, Attorney Mahmoud, Carter,**

---

[14] Because TD Investments was formed in 2021, this discovery request should not be overly burdensome. Further, as Carter/CBST disavow any involvement with TD Investments, these documents should not be privileged.

and CBST must **SHOW CAUSE** at the hearing as to why sanctions should not be imposed. **All parties and counsel of record must attend the hearing.**

## IV. CONCLUSION

For the reasons set forth herein, the Court **OVERRULES and/or DENIES AS MOOT** Objections to the Magistrate Judge's Order and Report and Recommendation (Doc. 71) filed by TD Investments and Carter (Docs. 77, 79). The Magistrate Judge's Order and Report and Recommendation (Doc. 71) is **ADOPTED**. PNC's Motion for Sanctions (Doc. 35) remains under consideration and will be decided after the June 14, 2022 hearing.

IT IS SO ORDERED.

Dated March 30, 2022

Judge Susan J. Dlott
United States District Court