IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TD INVESTMENTS, LLC, | Case No. 1:21-cv-337 |
| Plaintiff, | Judge Susan J. Dlott |
| v. | **ORDER OVERRULING OBJECTIONS** |
| NATIONAL CITY BANK, n/k/a/ PNC BANK, N.A., *et al.*, | |
| Defendants. | |

On August 11, 2022, this Court issued an Order in which it found Plaintiff TD Investments, LLC ("TD Investments"), TD Investments's Chief Executive Officer, David Day, TD Investments's Attorney, Henry Nasif Mahmoud, Defendant Orlando Carter, and Defendant CBST Acquisition LLC ("CBST") to be in contempt of Court. (Doc. 105.) The Court jointly and severally sanctioned those parties $31,004.19, which is the amount of reasonable attorneys' fees and expenses incurred in this action by Defendant National City Bank, n/k/a PNC Bank, N.A. ("PNC"). The Court expressly permitted any sanctioned party to file an objection to the Court's award of fees as to the amount only within 14 days of entry of the Court's Order.

On August 25, 2022, Mr. Carter filed the following: "Objection Supported by Notice of Correction to Public Record Due to Materially False Statements Made by the Court; Request to Take Judicial Notice in Support of Objection." (Doc. 106.) Mr. Carter argues he was denied due process because he was not provided a copy of PNC's attorneys' fees at the time of the June 14, 2022 Show Cause Hearing and/or prior to the Court's award of sanctions. He also generally argues that sanctions should not be awarded. Finally, Mr. Carter raises a slew of extraneous arguments beyond the scope of permissible objections.

1

On September 2, 2022, PNC filed an Opposition to Carter's Objection to Sanctions Award. (Doc. 107.) PNC argues that Carter rehashes old arguments and fails to make any substantive argument about the award of fees and expenses. For the reasons that follow, Mr. Carter's Objections are **OVERRULED**.

A court has wide discretion when sanctioning a party under Rule 37, as in this case. *Muhammad v. Gibson*, No. 2:21-CV-4165, 2022 WL 1487044, at *3 (S.D. Ohio May 11, 2022) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)). "[A] court must give notice to the party facing sanctions and an opportunity to be heard." *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F. 4th 369, 377 (6th Cir. June 15, 2022) (citing *Wilson-Simmons v. Lake Cnty. Sheriff's Dep't*, 207 F.3d 818, 822 (6th Cir. 2000)). However, when exercising its inherent power or authority to sanction under Rule 37, a district court need not give a formal notice or hold a full evidentiary hearing so long as a party is given notice and a chance to brief the issue. *Id*.

The Court is satisfied that through voluminous filings on the issue of sanctions, the June 14, 2022 Show Cause Hearing, and permitting objections be filed addressing the amount of sanctions awarded, due process has been provided to all sanctioned parties in this case. The parties were amply heard on whether sanctions are appropriate through *many* filings addressing the issue of sanctions. (*See* Docs. 35, 41, 47, 52, 57, 58, 67, 69, 71, 77, 78, 79, 81, 86, 87, 88, 89, 90, 91, 92, 101, 103, 106.) PNC filed a Motion for Sanctions (Doc. 35), and Mr. Carter responded in opposition (Doc. 52) and went so far as to argue that PNC's attorney should be sanctioned instead. (*See* Doc. 52 at PageID 484.) Many other filings and Orders addressed the issue of sanctions.

The Court attempted to hold a full evidentiary hearing on sanctions but was unable to do so due to the conduct of Mr. Carter and the other sanctioned parties. The Court scheduled an evidentiary hearing on PNC's Motion for Sanctions to be held on June 14, 2022. (*See* Doc. 87.) But Mr. Carter, along with TD Investments, Mr. Day, Attorney Mahmoud, and CBST, failed to produce the required discovery the Court ordered be produced ahead of the Sanctions Hearing. (*See* Doc. 91.) As a result, the Court ordered the parties who failed to produce discovery to appear and show cause on June 14, 2022 as to why they should not be sanctioned and/or held in contempt of Court. (*Id.*)

The Court held a Show Cause Hearing on June 14, 2022, at which Mr. Carter appeared. (*See* Doc. 94.) The Court found that Mr. Carter, TD Investments, Mr. Day, Attorney Mahmoud, and CBST failed to show cause for the failure to produce discovery and held them in contempt of Court. (*See* Doc. 105.) After the hearing, PNC submitted affidavits of its attorneys and copies of its billing receipts. (*See* Docs. 101, 103.) On August 11, 2022, the Court issued its Order holding Mr. Carter, TD Investments, Mr. Day, Attorney Mahmoud, and CBST in contempt of Court and jointly and severally sanctioning them in the amount of $31,004.19, to be paid to PNC within thirty days of its Order. (Doc. 105.) Because the Court did not address the amount of sanctions to be awarded at the Show Cause Hearing, the Court permitted any sanctioned party to file an objection to the amount awarded following its Sanctions Order. Mr. Carter filed his Objection on August 25, 2022. (Doc. 106.) The Court reviewed Mr. Carter's filing and is issuing this Order in response. The Court has afforded Mr. Carter due process.[1]

---

[1] Mr. Carter also implies that he did not have an opportunity to review PNC's attorneys' billing records prior to the Court issuing its Sanctions Order. PNC filed its billing records and attorney affidavits after the Sanctions Hearing and prior to the Court's Order being issued. Mr. Carter had the opportunity to review and object to those records, or the Court's conclusions about them, when he filed his Objection. However, he raised no substantive objections about those records in his Objection.

Despite the opportunity to object to the amount of sanctions awarded, Mr. Carter fails to raise any specific objections about the amount of attorneys' fees awarded except to say he should not be sanctioned *at all*. The Court provided a comprehensive analysis about why he indeed should be sanctioned in this case in its prior Order. (*See* Doc. 105.) Thus, these objections are **OVERRULED**.

Mr. Carter's other arguments fall beyond the scope of the objections permitted by this Court. They, too, are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: Sept 8, 2022

Judge Susan J. Dlott
United States District Court